**CRAMER, Plaintiff-Appellee v. INDUSTRIAL COMMISSION, Defendant-Appellant.**

Court of Appeals, Second District, Franklin County.

No. 3714. Decided March 31, 1944.

John M. Collins, Columbus, for plaintiff-appellee.

Thomas J. Herbert, Attorney General, Columbus, Robert E. Hall, and Albertus B. Conn, Asst. Attorneys General, Columbus, for defendant-appellant.

## OPINION

BY THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court finding that the plaintiff, whose employer is a subscriber to the Industrial Commission Fund of the

State of Ohio, is permanently and totally disabled as the result of an accident suffered by plaintiff as an employee, on July 11th, 1922, and, further entering judgment in favor of the plaintiff and against the defendant in the sum of $15.00 per week from the 25th day of February, 1941, for the balance of his natural life, or so long as he continues to be permanently and totally disabled and for costs and attorney fees to plaintiff's counsel.

The facts in this case are not in dispute. It presents a question of law solely. The Commission sets up as res judicata a judgment in favor of plaintiff against the defendant on or about June 30, 1933, wherein the plaintiff was awarded judgment growing out of the same accident involved in the instant case, in the sum of $5.00 per week for a period of 666 weeks, commencing the 6th day of January, 1926.

The instant action is for an award for total and permanent disability beginning at a time when the award granted in the action in Common Pleas Court, set up as constituting res judicata terminated.

It is the claim of the appellant that the judgment in the Common Pleas Court which is set up defensively is a complete bar to plaintiff's recovery in the instant action.

Judge Reynolds, in a short opinion, held that plaintiff was entitled to recover by virtue of **Clendenen v Industrial Commission of Ohio, 140 Oh St 414,** and particularly the fourth syllabus thereof, as follows:

"An appeal to the Court of Common Pleas by a claimant for workmen's compensation under §1465-90 GC, as it read in 1918 * * in which judgment was awarded the claimant for disabilities accruing up to the time thereof, is not a bar to further consideration by the Industrial Commission or by the Court of Common Pleas on a proper appeal for disabilities accruing from the original injury subsequent to the date of such judgment."

We are of like opinion, inasmuch as the former judgment of the Common Pleas Court did not purport either to make any allowance for total and permanent disability or to make an allowance beyond a certain date by the judgment therein fixed.

The judgment will be affirmed.

BARNES, PJ., HORNBECK and GEIGER, JJ., concur.